NATHAN SHAPIRO, Appellant, Respondent, *v.* DOROTHY BRAND, Respondent, Appellant.

*Negligence — complaint — denial of motion to dismiss for failure of proof reversed — judgments.*

Cross-appeals from a judgment of the Supreme Court in favor of the plaintiff, entered in the New York county clerk's office on April 18, 1924, upon the verdict of a jury for $1,250, and also an appeal by the defendant from an order entered on May 20, 1924, denying her motion for judgment dismissing the complaint. The plaintiff's notice of appeal also states that an appeal is taken by the plaintiff from an order entered April 15, 1924, denying his motion to set aside the verdict and for a new trial.

Judgment and order reversed, with costs to the defendant, appellant, and a new trial ordered, upon the ground that the proof failed to establish a cause of action against the defendant. Present — Clarke, P. J., Merrell, Finch, Martin and Burr, JJ.; Merrell and Martin, JJ., concurring in reversal but voting to dismiss the complaint.

MERRELL, J. (dissenting in part): The action was to recover for personal injuries alleged to have been sustained by the plaintiff by being struck by the automobile of the defendant negligently driven. On the rendition of the verdict the plaintiff moved to set aside the same for inadequacy, which motion was denied by the trial court, and the judgment appealed from was entered upon motion of the attorneys for the plaintiff. From said judgment and from the order denying plaintiff's motion to set aside the verdict and for a new trial plaintiff appealed. At the trial the defendant gave no evidence. but moved for a dismissal of the plain-

tiff's complaint at the close of the plaintiff's case upon the ground that the plaintiff had failed to prove facts sufficient to constitute a cause of action. Such motion of the defendant was denied by the trial court, to which the defendant duly excepted, and thereupon rested and the proof closed. Thereupon the motion made at the close of the plaintiff's case to dismiss the complaint upon the ground that plaintiff had failed to make out facts sufficient to constitute a cause of action was renewed by counsel for the defendant, and said motion was again denied by the trial court, and to such denial counsel for the defendant duly excepted. The plaintiff, by occupation a barber, on the night of September 26, 1921, or in the early morning of the day following, had alighted from a surface car on Division avenue, in the borough of Brooklyn, at the Rodney street crossing, and he testified that, as he alighted, he saw an automobile following the street car, and that he stepped upon the sidewalk to allow the automobile to pass. He then started to cross the street when he saw about a block away an automobile coming down the street toward New York; that he then started to cross Division avenue, upon which there were two car tracks, and that when he was between the first and second tracks he again looked and saw the automobile about half a block away from Rodney street; that he continued walking, and he testified: " The next thing I remember, when I stepped off the last rail from the street car, I felt that I got a knock of something and I fell down. * * * The next thing I remember I was in the hospital." Plaintiff testified he was taken to the Williamsburg Hospital where he was treated, a lacaration of his scalp sutured, his leg placed in splints and a plaster cast, and that he remained in the Williamsburg Hospital about six weeks; that he then returned to his home where he was confined to his house for another six weeks, after which he returned to his job as a barber and was able to work intermittently thereafter. Plaintiff testified that he was receiving, · when injured, a salary of forty dollars a week, besides tips which amounted to from twenty-two dollars to twenty-six dollars per week; that when he resumed his employment he was first paid fifteen dollars per week, and his pay gradually increased as he grew stronger until he finally was receiving thirty dollars per week at the time of the trial. Except for what we regard as a failure of proof on the part of the plaintiff, I am of the opinion that, in view of the injuries sustained by the plaintiff and expenses incurred by him in having his injuries treated and the resulting loss of time and employment at his trade, the verdict of the jury was inadequate. However, the evidence failed to show that plaintiff's injuries were sustained through any negligent act of the defendant. In plaintiff's complaint he alleges, and not being denied by the answer it must be taken as true, that the defendant owned, maintained, operated and controlled a certain automobile, and that the same was under the management and control of the defendant, her agents, servants and employees. In the 3d paragraph of the complaint the plaintiff alleges that on or about the 26th day of September, 1921, while the plaintiff was on Division avenue, at or about the intersection thereof with Rodney street, in the borough of Brooklyn, city of New York, he was, suddenly and without warning, struck and run over by defendant's said automobile operated by the defendant, her agents, servants and employees, causing the plaintiff to sustain the injuries particularly described in the complaint. The answer denied such allegation of plaintiff's complaint and, therefore, put the same in issue. No evidence was given upon the trial to show that the automobile which struck the

plaintiff was owned, operated or controlled by the defendant. As above stated, the plaintiff testified that as he started to cross the street he saw an automobile about a block away going towards New York, and that when he was between the car tracks he again looked, and saw the automobile about half a block away from Rodney street, and that the next thing he remembered was, when he stepped off the last rail of the street car tracks, he felt a knock of something and fell down. Nowhere did the plaintiff testify that it was the defendant's automobile that struck him. Plaintiff testified that he first saw the lights of a car about a block away, and that afterwards he saw the lights about a half a block away. This was all the testimony given by the plaintiff with reference to the automobile which struck him. The next witness sworn by plaintiff was one Morris Hertz, who testified that he saw the accident. He testified that he saw a man crossing the street, and that he was hit by an automobile. This testimony Hertz corrected by stating that he did not see the automobile strike the man, but he saw two lights, and that he then walked across the street to the same automobile. Hertz failed to identify the automobile as the defendant's. Reuben Waldman was also sworn in behalf of the plaintiff and testified that he was talking with Hertz when he saw a man walking and an automobile coming, and that all of a sudden he saw the automobile hit the man, and that there were four people standing by the automobile when the plaintiff was carried over to it. There was no other eyewitness of the accident sworn, and no witness testified that it was the automobile of the defendant that struck the plaintiff. There was, therefore, an entire failure of proof to charge the defendant with responsibility for the injuries sustained by the plaintiff. The motion in behalf of the defendant to dismiss the complaint at the close of the plaintiff's case and renewed after the defendant had rested should have been granted by the trial court. After counsel for the defendant had summed up the case in defendant's behalf, counsel for the plaintiff, evidently realizing that there was a failure to show that the plaintiff was struck by the defendant's automobile, asked the court to direct the stenographer to note that counsel for the defendant, in opening to the jury for the defense, stated, among other things, that he would prove that the plaintiff in this case had run from behind a street car into the side of the automobile belonging to the defendant. To such request the court replied that the jury would remember what the counsel stated. The record does not show whether counsel for the defendant made the admission claimed by plaintiff's attorney. In the points of the plaintiff, appellant, it is stated that the failure to give more explicit and definite proof of ownership of the automobile was a " mere inadvertence," and that it had never been suggested that the automobile did not belong to the defendant, and that it was anticipated that the defendant herself would take the stand and produce witnesses to contest the merits of the case. This rather lame excuse does not relieve the plaintiff from establishing a cause of action against the defendant. Surely a " mere inadvertence " in failing to prove the case cannot be overlooked, and it was not for the defendant to suggest that the automobile which struck the plaintiff did not belong to the defendant, but, rather, for the plaintiff to prove that it did. The plaintiff may have anticipated that the defendant would take the stand and produce witnesses to contest the merits of the case, but this the defendant did not do, and in the absence of proof of facts sufficient to constitute a cause of action against her was not called upon to produce witnesses. We think the judgment and order appealed from should be reversed.

with costs, and plaintiff's complaint dismissed, with costs to the defendant, respondent and appellant, against the plaintiff, appellant and respondent. Martin, J., concurs.